IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PERRY ODOM; and )
CAROLYN ODOM, )
)
        Plaintiffs, )
)
v. )
)
PENSKE TRUCK LEASING CO., )
LP, a foreign limited partnership; )   Case No. CIV-16-442-PRW
HENDRICKSON USA, L.L.C., )
a foreign limited liability company; )
and BARSKDALE, INC., )
a foreign company, )
)
)
        Defendants. )

## ORDER

Before the Court is Defendant Barksdale, Inc.'s Motion to Dismiss and Brief in Support Pursuant to 12(B)(2) and 12(C) (Dkt. 99), filed February 4, 2019. Plaintiffs filed their response on February 25, 2019 (Dkt. 102), and Defendant Barksdale filed its reply on March 4, 2019 (Dkt. 103). For the reasons set forth below, the Motion is granted.

Plaintiffs bring this action against Barksdale alleging that it is liable for personal injuries sustained by Plaintiff Perry Odom from an accident caused in part by a defective Barksdale height control valve.[1] This height control valve is a component part of the air suspension system within the Penske trailer that fell on Mr. Odom and resulted in his injuries.[2] Specifically, Plaintiffs bring claims against Barksdale based on theories of

---

[1] Pls.' Am. Compl. (Dkt. 87) ¶¶ 20–45, at 5–10.
[2] *Id.* ¶ 24, at 5.

1

products liability/strict liability, negligence, and breach of warranty. Plaintiffs also seek personal injury damages on behalf of Mr. Odom, loss of consortium damages on behalf of Mrs. Odom, and entitlement to punitive damages.[3]

Although Barksdale moves to dismiss these claims pursuant to both Fed. R. Civ. P. 12(b)(2) and 12(b)(6),[4] the Court need only address the 12(b)(6) motion, as the granting of that motion renders moot the alternative basis for dismissal.

## *Standard of Review*

In reviewing a 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[5] While a complaint need not recite "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6] The pleaded facts must establish that the claim is plausible.[7]

## *Analysis*

Upon careful consideration of Plaintiffs' Amended Complaint, and accepting all of Plaintiffs' factual allegations as true and construing those facts in the light most favorable

---

[3] *Id.* ¶¶ 20–48, at 5–10.
[4] While Barksdale cites Fed. R. Civ. P. 12(c), a motion to dismiss for failure to state a claim upon which relief can be granted is pursuant to Fed. R. Civ. P. 12(b)(6).
[5] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir.1996)).
[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).
[7] *Id*.

2

to Plaintiffs, the Court finds that Plaintiffs fail to state a claim upon which relief can be granted against Barksdale.

*Tort Claims*

First, Plaintiffs' tort claims of products liability/strict liability and negligence fail because they are barred by the applicable statute of limitations. Oklahoma law imposes a two-year statute of limitations from accrual upon tort claims.[8] A claim "accrues when a litigant could first maintain an action to successful conclusion."[9]

The alleged accident occurred on July 27, 2015.[10] Plaintiffs do not argue that accrual of their tort claims occurred on a later date, nor are there any factual allegations in the Amended Complaint indicating a different accrual date. Although this suit was initiated on April 29, 2016, against other defendants, Plaintiffs did not seek to impose liability upon Barksdale until the Amended Complaint was filed on November 21, 2018—more than three (3) years after the alleged accident and well outside of the two-year statute of limitations period.

Plaintiffs disagree with this conclusion and argue that the statute of limitations was tolled due to a stay of proceedings pending appeal[11] from February 27, 2017, until July 13,

---

[8] Okla. Stat. tit. 12, § 95(A)(3) (2011) ("A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: . . . 3. Within two (2) years: . . . an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated."); *see Moss v. Polyco, Inc.*, 1974 OK 53, ¶ 6, 522 P.2d 622, 625.
[9] *Hawk Wing v. Lorton*, 2011 OK 42, ¶ 12, 261 P.3d 1122, 1125.
[10] Pls.' Am. Compl. (Dkt. 87) ¶ 14, at 3.
[11] Order (Dkt. 66) at 13. The stay was issued pending the appeal of an Order (Dkt. 43) filed on August 29, 2016, granting Defendant Penske Truck Leasing Co., LP's Motion to Dismiss (Dkt. 27) and an Order (Dkt. 58) filed November 21, 2016, denying Plaintiffs'

2018.¹² They assert that this stay "prevented [Plaintiffs] from prosecuting any claims, including those against Barksdale."¹³ But while the stay prevented Plaintiffs from prosecuting their claims against the other defendants named at the time of the appeal, Plaintiff remained free to prosecute its claims against Barksdale because prior to November 21, 2018, Barksdale was not a party to this case and was thus not subject to the stay. Nothing prevented Plaintiffs from filing a separate action against Barksdale during the appeal and before the statute of limitations ran. Thus, the ancillary stay of separate proceedings did not toll the statute of limitations as to Plaintiffs' tort claims against Barksdale.

Plaintiffs further explain that only upon receiving discovery responses from Defendant Hendrickson on November 5, 2018, did they learn that Barksdale designed and manufactured the component height control valve within Hendrickson's air suspension system.¹⁴ Oklahoma's discovery rule, however, allows "limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the *injury*."¹⁵ This rule "exclude[s] the period of time during which the injured party is reasonably unaware tha[t] an injury has been sustained so that people in that class have the same rights as those who suffer an immediately ascertainable injury."¹⁶ But "[s]tatutes of

---

Motion to Alter, Amend or Modify the Court's Order Granting Penske Truck Leasing Co. LP's Motion to Dismiss (Dkt. 49).
¹² *See* Pls.' Obj. & Resp. (Dkt. 102) at 21.
¹³ *Id.* at 23.
¹⁴ *Id.* 21–22.
¹⁵ *Resolution Tr. Corp. v. Grant*, 1995 OK 68, ¶ 8, 901 P.2d 807, 813 (emphasis added).
¹⁶ *Id*.

limitation were not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by the facts."[17]

Apparent from the Amended Complaint, Plaintiff Perry Odom was aware of his injury contemporaneously with its occurrence when the Penske trailer "fell upon him and struck his head" on July 27, 2015.[18] Knowing that he was injured by the trailer and in a position to investigate the causes of that injury, the statute of limitations began to run at that time, and was not tolled by the discovery rule. Accordingly, Plaintiffs' tort claims against Barksdale were filed too late—the statute of limitations expired on July 27, 2017, so Plaintiffs' claims of products liability/strict liability and negligence against Barksdale fail to state a claim upon which relief can be granted and are dismissed.

### *Breach of Warranty Claim*

Second, Plaintiffs fail to state a claim upon which relief can be granted as to their breach of warranty claim because Plaintiffs do not allege sufficient facts to establish that Mr. Odom was the purchaser of the relevant product or that horizontal privity exists between Mr. Odom and Barksdale.

In each contract for the sale of goods, express or implied warranties by the seller to the purchaser may exist. When one of these warranties is breached by the seller, the purchaser of the goods may typically maintain an action for breach of warranty against the seller of the goods.[19] When a breach of warranty injures a party who is not the purchaser

---

[17] *Hawk Wing*, 2011 OK 42, ¶ 11, 261 P.3d at 1125 (quoting *Daugherty v. Farmers Coop.*, 1984 OK 72, ¶ 12, 689 P.2d 947, 951).
[18] Pls.' Am. Compl. (Dkt. 87) ¶ 14, at 3.
[19] Okla. Stat. tit. 12A, §§ 2-313–2-315 (2011).

5

of the goods, however, Oklahoma law restricts the extension of the seller's warranty "to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by the breach of warranty."[20] The Oklahoma Supreme Court interprets this statute literally, explaining that this section "limits warranty protection to persons named in that section, *i.e.* 'any natural person who is in the family or household of his buyer or who is a guest in his home.'"[21]

---

[20] *Id.* § 2-318. The Court also notes that Plaintiffs' Response omits the most crucial language of Okla. Stat. tit. 12A, 2-318(1) (2011). The Uniform Commercial Code provides three different alternatives to this provision regarding horizontal privity, and Oklahoma chose to codify the narrowest. Instead of acknowledging the full statutory text and advocating for Plaintiffs' position based on that text, Plaintiffs inexplicably omit the critical modifying language, claiming that "12A O.S. § 2-318(1) provides, '[a] seller's warranty whether express or implied extends to any natural person . . . if it is reasonable to expect that such person may use, consume or be affected by the goods . . . [.]'" Pls.' Obj. & Resp. (Dkt. 102) at 25. The full text of the statute, however, provides that "[a] seller's warranty whether express or implied extends to any natural person *who is in the family or household of his buyer or who is a guest in his home* if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." Okla. Stat. tit. 12A, § 2-318(1) (2011) (emphasis added). This incomplete quotation of the governing statute essentially transforms the statute into a UCC alternative that Oklahoma rejected: "[a] seller's warranty whether express or implied extends to any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured in person by breach of the warranty." *Hester v. Purex Corp.*, 1975 OK 48, ¶ 12, 534 P.2d 1306, 1308 (quoting U.C.C. § 2-318 (Am. Law Inst. & Unif. Law Comm'n 1966)); *see also id.* ¶ 18, 534 P.2d at 1308 ("Our legislature, since 1966, has had several opportunities to adopt alternatives B or C enlarging the coverage of the U.C.C. It has not chosen to do so.").

[21] *Old Albany Estates, Ltd. v. Highland Carpet Mills, Inc.*, 1979 OK 144, ¶ 5, 604 P.2d 849, 851 (quoting Okla. Stat. tit. 12A, § 2-318 (1971)); *see also Hester*, 1975 OK ¶ 19, 534 P.2d at 1308 ("[U]ntil the Legislature elects to change this statute, we hold that the UCC section 2-318 does not extend the coverage of its implied warranty of merchantability to employees of the purchaser.").

Plaintiffs do not allege that Mr. Odom was the purchaser of the height control valve, air suspension system, or Penske trailer. In fact, the relevant facts Plaintiffs do allege—that Mr. Odom "was directed to assist in the maintenance of the product at issue"[22] and that "[p]rior to July 27, 2015, Penske TLC owned Penske Trailer Company Unit No: 684149, having VIN No. VS2535 EG9906 12 VS2DX"[23]—lead to the reasonable inference that Defendant Penske Truck Leasing Co., LP was the purchaser of the product (the Penske trailer and its component parts), not Mr. Odom.

Plaintiffs also do not allege that Mr. Odom is in the family or household of the purchaser or a guest in the purchaser's home. Plaintiffs allege no facts to allow the Court to draw a reasonable inference that horizontal privity exists between Mr. Odom and Barksdale. As a result, Plaintiffs also fail to state a claim upon which relief can be granted for breach of warranty against Barksdale and it is dismissed.

Accordingly, the Court GRANTS Defendant Barksdale, Inc.'s Motion to Dismiss (Dkt. 99) pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED this 4th day of June, 2019.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[22] Pls.' Obj. & Resp. (Dkt. 102) at 25.
[23] Pls.' Am. Compl. (Dkt. 87) ¶ 12, at 3.